The opinion of the court was delivered by
Tilghman, C. J.
This was an action on the case, brought by-Daniel Beigart against the administrators of Jacob Moyer, deceased. On the trial of the cause, the defendants offered Thomas Wenrich as a witness, who was objected to by the plaintiff as incompetent on account of interest. The court admittéd the witness, and an exception was taken to their opinion. Whether Wenrich waS a competent witness is the question, and that will depend on certain facts stated in the bill of exceptions. Wenrich was bound as security for a certain Peter Badebach, in a bond for one hundred and sixty-two pounds, nine shillings and ten pence, to the said Jacob Moyer, of whom the defendants are administrators. Beigart, the plaintiff, had purchased land from Badebach, and given him his bonds for the purchase money. One or more of *136 these bonds Radebach had assigned to two persons, of the name of Doll and Chase, who had brought suit against Reigart, in the name of Radebach, for their use. Reigart, supposing that if he was possessed of Radebach’s bond to Moyer, (in which Wenrich was security,) he could make use of if as a set off in the action brought against him. for the use of Chase and Doll, agreed with Moyer for the purchase of the said bond, on which Moyer gave him a writing indorsed on the bond, of which the following is a copy: — “Received, April 13th, 1816, of Daniel Reigart, the within bond and interest in full, which I promise to repay on demand, if not allowed at the trial, (signed) Jacob Moyer.” The writing is not clearly expressed, but the meaning is, that unless Reigart could make use of Radebach's bond to Moyer, in which Wenrich was security, as a set off in the action brought against him in the name of Radebach, for the use of Doll and Chase, Moyer should refund the money received by him from Reigart. Reigart averred that the set off was not allowed him, and therefore brought this action against the administrators of Moyer, founded on the writing before mentioned. The defendants, on the contrary, asserted that the set off had been allowed to Reigart, on the trial of the suit for the use of Dolt and Chase, -and on that fact the present action turned. Now, if the plaintiff recovered in this suit, the property in the bond of Radebach and Wenrich to Moyer, would be revested in Moyer’s administrators, who might recover on it against Wenrich. Wenrich, therefore, had a direct interest in the event of the present action, because, if the plaintiff was defeated, the administrators of Moyer could support no action against Wenrich, their intestate having received full satisfaction from Rei-gart for the bond in which Wenrich was bound as security for Radebach. Neither could Reigart support an action in the name of Moyer’s administrators for his use, because he had received satisfaction by the set off allowed him in the action brought in the name of Radebach for the use of Chase and Doll. The facts are complicated, but, when fully understood, the interest of Wenrich in the event of this suit, is manifest. I am of opinion, therefore, that he was not a competent witness. The judgment is to be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.